UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-59-TLS |
| | ) | |
| CHARLES L. ADKINS | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Request for Court Order Authorizing DNA Testing for the Purpose of Setting Aside a State Court Judgment of Conviction [DE 67] and the Defendant's Motion for Writ of Habeas Corpus [DE 78]. The Defendant filed separate memoranda in support of the Request and the Motion [DE 68 & 79]. On June 27, 2008, the Government filed its Opposition to Defendant's Motion for DNA Test and Petition for Writ of Habeas Corpus [DE 91], and on July 22, 2008, the Defendant filed his Response to Government's Opposition to Defendant's Motion for DNA Test and Petition for Writ of Habeas Corpus [97].

**BACKGROUND**

The Defendant, Charles L. Adkins, filed his Request and Motion in a criminal matter pending in this Court [1:07-CR-59-TLS], in which the Defendant is charged with one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250. In his Request and Motion, the Defendant indicates his intention to collaterally attack (in this federal criminal matter) his 1999 conviction in the Commonwealth of Virginia for carnal knowledge with a child thirteen to fifteen years of age [CR-99-013925].

In his Request, the Defendant asks the Court to authorize DNA testing so that he can call

into question the blood samples and tests used by the prosecution in the Virginia criminal case, and he alleges violations of due process, ineffective assistance of counsel, and prosecutorial misconduct in that case. He concludes with a request that the Court set aside the judgment of conviction in the Virginia case because of alleged violations of his federal constitutional rights.

In his Petition, the Defendant claims that, "as a part of the [federal] criminal proceedings against him under the Sex Offender Registration Notification Act, he is entitled to challenge the [state] conviction that occurred in the Commonwealth of Virginia in November 1999 and is the basis for his [federal] registration requirement." [Petition for Writ of Habeas Corpus 1.] As the basis for his claimed entitlement to challenge *in this federal criminal matter* his underlying state court conviction, the Defendant cites 28 U.S.C. § 2254, one of the key provisions of the federal habeas corpus statute that provides federal remedies for persons in state custody. As in his Request, he in his Petition claims violations of federal constitutional rights related to due process, effective assistance of counsel, and prosecutorial misconduct.

In its Opposition to the Defendant's Request and his Petition, the Government argues that the Court does not have jurisdiction to order a DNA test in the Virginia case, that the Defendant has not exhausted all remedies available in Virginia, and that the Defendant's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is untimely and should be denied. In his Response, the Defendant reiterates his allegations of federal constitutional violations related to the Virginia criminal matter, argues that exhaustion is not an absolute prerequisite, and alleges that the Virginia criminal case was a miscarriage of justice. The Defendant again cites 28 U.S.C. § 2254, urges the Court to perform an independent review of his underlying state conviction, and requests that the Court grant his petition for writ of habeas corpus. The Defendant also restates

2

his request that the Court order DNA testing in Virginia so that he can establish the validity of his claims challenging the underlying Virginia conviction.

**ANALYSIS**

Federal law authorizes a person who claims to be held in custody by a state government in violation of the United States Constitution to file a civil lawsuit in federal court seeking a writ of habeas corpus, and such a suit (if properly instituted pursuant to the applicable law) gives a federal court authority to review a state court criminal conviction. *See* 28 U.S.C. § 2254. Under the federal habeas corpus statute, federal courts have authority to grant writs of habeas corpus to petitioners held in custody "within their respective jurisdictions." 28 U.S.C. § 2241(a). However, an individual seeking a writ of habeas corpus must meet a number of formal prerequisites for the lawsuit to be properly instituted. A federal judge is required to perform a preliminary review and to dismiss a petition or application for a writ of habeas corpus and direct the clerk to so notify the petitioner or applicant when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Corpus Rule or Rules).

The federal habeas corpus statute requires an applicant for a writ of habeas corpus first to exhaust all available remedies and appeals within the state system. 28 U.S.C. § 2254(b). The statute contemplates that petitioners file their petitions in the federal judicial districts in which they are in custody under a judgment and sentence of a state court or in which they were convicted and sentenced by a state court. 28 U.S.C. § 2241(d). An application for a writ of habeas corpus must be in writing, signed, and verified by the person for whose relief it is

intended or by someone acting in his behalf, and the petition must describe "the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The Habeas Corpus Rules specify that the petition must "name as respondent the state officer who has custody," Habeas Corpus Rule 2(a), and mandate that the petition "substantially follow either the form appended to th[o]se rules or a form prescribed by a local district-court rule," Habeas Corpus Rule 2(d). Additionally, the petition (among other things) must specify all grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Habeas Corpus Rule 2(c). Local Criminal Rule 47.1 of the United States District Court for the Northern District of Indiana requires Section 2254 petitions for writs of habeas corpus to "be in writing and signed under penalty of perjury" and "on the form contained in the Rules following 28 U.S.C. § 2254, in the case of a person in state custody, . . . or on forms adopted by general order of this court, copies of which may be obtained from the clerk of the court." N.D. Ind. L. Cr. R 47.1. The applicant must file an original petition and two copies with the clerk, along with the applicable filing fee or a motion for leave to proceed in forma pauperis. Habeas Corpus Rule 3(a). The time for filing a petition is governed by 28 U.S.C. § 2244(d), which provides in part that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also* Habeas Corpus Rule 3(c).

In this federal criminal case, the Defendant through counsel filed a Request for Court Order Authorizing DNA Testing for the Purpose of Setting Aside a State Court Judgment of

4

Conviction and a Motion for Writ of Habeas Corpus; however, the Defendant never properly instituted a separate civil lawsuit seeking a writ of habeas corpus and has not met many of the formal prerequisites such as signing a verified written petition, filing an original petition and copies, substantially following the prescribed form, signing the petition under penalty of perjury, and paying the applicable filing fee. Were the Defendant to seek a writ of habeas corpus in accordance with the applicable requirements, which are set forth in the federal habeas corpus statute, the Habeas Corpus Rules, and the relevant local court rules, the Defendant would be confronted with several additional issues, such as the applicability of the statute of limitations, the exhaustion requirement, the proper court to entertain the action, and the identification of the proper respondent. The Court need not address these additional issues because the Defendant never formally instituted a separate habeas corpus lawsuit in accordance with the applicable requirements.

## ORDER

Because it plainly appears from the Defendant's Motion for Writ of Habeas Corpus [DE 78] that the Defendant has not satisfied the applicable requirements to institute a habeas corpus lawsuit, the Court now **DENIES** that Motion. In this federal criminal matter, the Defendant has available to him the panoply of discovery devices and procedures afforded in federal criminal cases, but the Defendant has not established that federal law authorizes him to institute a Section 2254 habeas corpus action as a formal part of this federal criminal matter.

The Defendant's Request for Court Order Authorizing DNA Testing for the Purpose of Setting Aside a State Court Judgment of Conviction [DE 67] **REMAINS PENDING** before the

5

Court and will be taken up, along with any other discovery issues and any issues related to the Defendant's Ex Parte Motion [DE 101] and the Court's Order [DE 102] granting that Motion, at the Video Status Conference scheduled for September 30, 2008.

SO ORDERED on August 8, 2008.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT